

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00047-CV

JUDY A. JENNINGS AND
REBECCA E. BELL-METEREAU

APPELLANTS

V.

WALLBUILDER PRESENTATIONS,
INC. THROUGH ITS PRESIDENT,
DAVID BARTON; WALLBUILDERS,
L.L.C. THROUGH ITS PRESIDENT,
DAVID BARTON; AND DAVID
BARTON, INDIVIDUALLY

APPELLEES

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

The sole issue we address is whether we possess jurisdiction over this interlocutory appeal from the trial court's order denying Appellants Judy A. Jennings and Rebecca E. Bell-Metereau's motion to dismiss filed pursuant to the

Texas Citizens' Participation Act (TCPA)[1] set forth in chapter 27 of the Texas Civil Practice and Remedies Code[2] when the order was signed timely after a hearing. Because we hold that we do not possess jurisdiction, we dismiss this appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellees, WallBuilder Presentations, Inc. Through Its President, David Barton; Wallbuilders, L.L.C. Through Its President, David Barton; and David Barton, Individually, sued Appellants, two former Texas State Board of Education candidates, for libel, defamation, and business disparagement based on a 2010 campaign video that Appellants had paid their political consultant to produce.[3] Appellants timely filed a motion to dismiss Appellees' suit pursuant to section 27.003 of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b) (providing that motion to dismiss must be filed not later than the sixtieth day after

---

[1]The TCPA is considered to be anti-SLAPP legislation. SLAPP stands for Strategic Lawsuit Against Public Participation, and approximately twenty-seven states have enacted anti-SLAPP legislation. *See generally* Shannon Hartzler, Note, *Protecting Informed Public Participation: Anti-SLAPP Law and the Media Defendant*, 41 Val. U. L. Rev. 1235, 1248–70 (2007) (collecting and analyzing anti-SLAPP statutes).

[2]It is undisputed that Appellees' claims against Appellants constitute a legal action based on, related to, or in response to Appellants' exercise of the right of free speech, right to petition, or right of association so as to fall within the ambit of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West Supp. 2012).

[3]The video associated Appellants' opponents in the 2010 election for the Texas State Board of Education with David Barton, a person the campaign video stated was "known for speaking at white-supremacist rallies."

the date of service of the legal action).[4]  Appellees filed a response to the motion to dismiss along with attached exhibits and objections.  After a hearing at which arguments were presented by both sides, the trial court signed an order denying Appellants' motion to dismiss; the order was signed, as required by section 27.005, within thirty days of the date of the hearing on the motion.  *See id.* § 27.005(a) (West Supp. 2012).  Appellants perfected this interlocutory appeal; Appellees assert that the TCPA does not grant this court jurisdiction over Appellants' interlocutory appeal.

### III.  STATUTORY CONSTRUCTION REGARDING INTERLOCUTORY APPEALS

Appellate courts generally have jurisdiction over final judgments.  Tex. Const. art. V, § 6 (providing that appellate courts "shall have appellate jurisdiction co-extensive with the limits of their respective districts" and "such other jurisdiction . . . prescribed by law"); *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also Curtis & Co. v. Wade*, 325 S.W.2d 859, 860 (Tex. Civ. App.—San Antonio 1959, no writ) (explaining generally that appellate court does "not have supervisory jurisdiction over trial courts").  Jurisdiction of a court of appeals is controlled by the constitution and by statutory provisions; an interlocutory order is not appealable unless a statute explicitly provides for appellate jurisdiction.  *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).  When an attempted appeal

---

[4]All statutory references herein are to the Texas Civil Practice and Remedies Code unless otherwise indicated.

comes within none of the statutory or constitutional provisions conferring jurisdiction, an appellate court must not exercise jurisdiction. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) (holding that court of appeals' assertion of appellate jurisdiction over an interlocutory order "when not expressly authorized to do so by statute is jurisdictional fundamental error"); *see also Stary*, 967 S.W.2d at 352 (explaining that court of appeals "erroneously held that it had jurisdiction over an interlocutory order striking a shareholder derivative claim").

When a statute specifically authorizes appellate courts to hear appeals from interlocutory orders and judgments, an appellate court may exercise the jurisdiction statutorily conferred upon it. *See, e.g.*, *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (holding section 51.014 of the civil practice and remedies code authorized interlocutory appeal of order that in effect granted a temporary injunction); *Fort Worth Star-Telegram v. Street*, 61 S.W.3d 704, 707–08 (Tex. App.—Fort Worth 2001, pet. denied) (holding section 51.014 of the civil practice and remedies code authorized interlocutory appeal of order denying motion for summary judgment based on claim against or defense asserted by a media defendant arising under the First Amendment). Statutes authorizing interlocutory appeals are strictly construed because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999,

no pet.).  By the rule of strict construction, "it is not meant that the statute shall be stintingly or even narrowly construed, but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used."  Norman J. Singer & J.D. Shambie Singer, 3 *Statutes and Statutory Construction*, § 58:2, at 110 (7th ed. 2008).

We review issues of statutory construction de novo.  *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).  In construing statutes, our primary objective is to give effect to the legislature's intent.  *Id*. (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009)).  We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results.  *Id*.; *see also Fitzgerald v. Advanced Spine Fixation Sys*., 996 S.W.2d 864, 866 (Tex. 1999) (explaining that "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent").  Even when it appears that the legislature may have made a mistake, courts are not empowered to "fix" the mistake by disregarding direct and clear statutory language that does not create an absurdity.  *Tex. Lottery Comm'n*, 325 S.W.3d at 635; *see also Lee v. City of Houston*, 807 S.W.2d 290, 293 (Tex. 1991) (explaining that "[o]ur function is not to question the wisdom of the statute; rather, we must apply it as written").

5

## IV. The Appeal Provisions of the TCPA

Section 27.008 of the civil practice and remedies code is titled, "Appeal." Tex. Civ. Prac. & Rem. Code Ann. § 27.008 (West Supp. 2012). Section 27.008 sets forth the TCPA's only language concerning appeals, and it provides:

> (a) If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.
>
> (b) An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.
>
> (c) An appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed or the time prescribed by Section 27.005 expires, as applicable.

*Id*. The change in the law made by the TCPA applies only to cases, like this one, filed on or after June 17, 2011. *See id.* historical note (West Supp. 2012) [Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 Tex. Gen. Laws 960, 963]. To date, no Texas appellate court cases construing section 27.008 exist.

## V. Construing the TCPA

Appellees argue that section 27.008(a) confers appellate jurisdiction on this court only when a trial court fails to rule within thirty days of the date of the hearing on a timely-filed motion to dismiss. *See id.* § 27.008(a). The plain language of section 27.008(a) provides that "if a court does not rule on a motion to dismiss," then the motion is "considered to have been denied . . . and the

moving party may appeal." *Id*. Relying on the plain language of section 27.008(a) as expressing legislative intent, we agree with Appellees that the interlocutory appeal statutorily authorized by subsection (a) is limited to situations in which a trial court has failed to timely rule on a timely-filed motion to dismiss, and the motion to dismiss is therefore considered to have been denied by operation of law. Because the trial court in this case did timely hold a hearing on Appellants' timely-filed motion to dismiss and did timely rule on Appellants' motion to dismiss, we agree with Appellees that the present appeal does not fall within the category of interlocutory appeals authorized by section 27.008(a). *See id*.

Appellees next argue that section 27.008(b) likewise does not statutorily grant an interlocutory appeal in the present case. Section 27.008(b) provides that "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *See id.* § 27.008(b). When a trial court grants a motion to dismiss under section 27.005, the order dismissing the action may be appealable, or severable and appealable, as a final, noninterlocutory order disposing of all issues and all parties. *Accord* Tex. R. Civ. P. 41 ("Any claim against a party may be severed and proceeded with separately."); *Martinez v. Humble Sand & Gravel, Inc*., 875 S.W.2d 311, 312 (Tex. 1994) (recognizing that trial court may "make the judgment final for purposes of appeal by severing

7

the causes and parties"). Section 27.008(b) mandates in this situation that such an appeal be expedited. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). If a trial court denies a motion to dismiss under section 27.005 despite the failure of the party bringing the action to provide any evidence showing a prima facie case for each element of his claim, it is possible that the moving party could seek a writ of mandamus. *See id.* § 27.005(b) (imposing mandatory duty on trial court to dismiss the claim unless party bringing action satisfies section 27.005(b)). Section 27.008(b) mandates in this situation that such an original proceeding be expedited. *See id.* § 27.008(b). And if a trial court fails to timely rule on a timely-filed motion to dismiss, then the motion is denied by operation of law and the party moving for dismissal may appeal. *Id*. § 27.008(a). Section 27.008(b) mandates in this situation that such an interlocutory appeal be expedited. *See id.* § 27.008(b). Thus, the plain language and meaning of subsection (b) is to require expedited consideration by an appellate court of any appeals or other writs from a trial court's ruling on a motion to dismiss filed under chapter 27, whether interlocutory or not; subsection (b) does not contain language expressly creating a right of interlocutory appeal from a trial court's timely ruling denying a motion to dismiss. *Id.*

The legislature uses precise language expressly creating a right of appeal when it intends to expand an appellate court's jurisdiction to include review of an interlocutory trial court ruling. *See, e.g.*, *id.* § 51.014(a) (West Supp. 2012) (providing that "[a] person may appeal from an interlocutory order" and then

8

listing types of interlocutory orders), § 150.002(f) (West 2011) (providing that "[a]n order granting or denying a motion for dismissal [based on plaintiff's failure to file a certificate of merit in a suit against a licensed or registered professional] is immediately appealable as an interlocutory order"), § 171.098(a) (West 2011) (providing in connection with arbitration that "[a] party may appeal a judgment or decree entered under this chapter or an order:" and then listing types of orders), § 15.003(b) (West Supp. 2012) (providing that when suit involves multiple plaintiffs, "[a]n interlocutory appeal may be taken of a trial court's determination"); Tex. Fam. Code Ann. § 56.03(b) (West 2008) (providing in connection with habitual or violent juvenile offenders that "[t]he state is entitled to appeal an order of a court in a juvenile case . . . if the order:" and then listing types of interlocutory orders); Tex. Health & Safety Code Ann. § 574.070(a) (West 2010) (providing that "[a]n appeal from an order requiring court-ordered mental health services, or from a renewal or modification of an order, must be filed in the court of appeals for the county in which the order is entered"); *see also* Tex. R. Civ. P. 76a (providing that "[a]ny order . . . relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party"). The statutory provision at issue here, section 27.008(b), does not use the type of language found in other statutes creating interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). It does not state that a party may appeal or is entitled to appeal. *See id.* It does not articulate that any order is immediately appealable or that any interlocutory

9

order shall be treated as a final judgment. *See id.* It does not even contain the language used in the immediately preceding subsection, subsection (a), that "the moving party may appeal." *Id.* § 27.008(a); *see id.* § 27.008(b). Thus, giving the language of subsection (b) its plain meaning, it does not create a right of interlocutory appeal. *See id.* § 27.008(b).

We must rely on the plain meaning of section 27.008(a) and (b) as expressing legislative intent unless a different meaning is supplied by legislative definition or application of the plain meaning leads to absurd results. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635. No definitions are provided by the statute that would supply a different meaning to section 27.008(a) or (b).[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001 (West Supp. 2012) (setting forth definitions), § 27.008(a), (b). Thus, we next examine whether giving the language of section 27.008(a) and (b) its plain meaning—that is, the meaning that section 27.008 creates a right of interlocutory appeal only when the trial court fails to timely rule on a timely-filed motion to dismiss—leads to an absurd result. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635. Relying on the plain meaning of section 27.008(a) and (b) as expressing legislative intent that an interlocutory appeal exists under chapter 27 only when a trial court fails to timely rule on a timely-filed motion to

---

[5]Neither party contends that section 27.008(c) creates a statutory right of interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(c) (setting forth time for filing writ or appeal).

dismiss does not lead to absurd results for two main reasons. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a), (b).

First, the overall structure of the TCPA requires judicial review (sections 27.004 and 27.005) of limited evidence (sections 27.005(c) and 27.006) concerning the elements (section 27.005(c)) of a legal action involving a party's exercise of the right of free speech, right to petition, or right of association (sections 27.003(a) and 27.005(b)) typically within no more than 120 days after the service of the action.[6] *See id.* §§ 27.003–.006 (West Supp. 2012). Thus, the legislature ensured in chapter 27 that the trial court would quickly rule on a motion to dismiss and that if the trial court did not quickly rule, the motion would be denied by operation of law and then the party moving to dismiss could appeal—thereby ensuring judicial review of the motion to dismiss by the appellate court. In other words, the legislature ensured that if the trial court did not perform the judicial review required by the statute and rule on the motion to dismiss, then the appellate court could. *See id.* § 27.008(a). The tight timetables statutorily established by the legislature for a party to file a motion to dismiss, for the trial court to set a hearing on a motion to dismiss, and for a trial court to rule

---

[6]The 120-day time period is generally the outside limit because a motion to dismiss must be filed within sixty days after service of the action (section 27.003(b)), the trial court hearing on the motion to dismiss must be set within thirty days of the service of the motion to dismiss (section 27.004), and the trial court must rule on the motion to dismiss within thirty days of the hearing (section 27.005(a)), or the motion is denied by operation of law (section 27.008(a)). *See id.* §§ 27.003(a), .004, .005(a), .008(a).

on a motion to dismiss or otherwise to have the motion denied by operation of law, are consistent with the plain meaning of section 27.008 that creates an interlocutory appeal only when the trial court fails to timely rule on a motion to dismiss. *See id.* § 27.008. When the trial court has failed to provide the mandated review of the evidence purportedly showing a prima facie case for each essential element of the claim, then the appellate court must provide such review via an interlocutory appeal. Nothing in the plain language of any of the provisions of chapter 27 indicates a legislative intent to create a double-layer of review (first by the trial court and then by the appellate court) of the evidence of a prima facie case for each essential element of the claim. To the contrary, the short timetables established in the statute as well as the plain language of section 27.008(a) and (b) indicate a legislative intent to avoid at the very outset of the litigation the inevitable delay that an interlocutory appeal imposes, except in cases where the trial court has not timely ruled on the motion to dismiss and has therefore not provided the judicial review envisioned by the legislature.[7]

---

[7]*Accord In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008) ("Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake."); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex. 2000). In *Clark*, the supreme court construed a prior version of the venue/joinder statute as creating no right of interlocutory appeal from a trial court determination that venue *was proper* under section 15.002; "if the trial court determines that venue *is proper* . . . the inquiry is over. . . . Neither the court of appeals nor this Court can review the propriety of the trial court's venue decision." *Clark*, 38 S.W.3d at 96 (emphasis added). The legislature later amended the statute to expressly grant an interlocutory appeal from a trial court determination of proper venue or joinder. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Sess. Law Serv. 847, 853.

Second, when a trial court timely denies a motion to dismiss under chapter 27, such that an interlocutory appeal is not authorized, the party seeking chapter 27 dismissal may nonetheless later avail itself of a no-evidence summary judgment motion. In many instances, the trial court's denial of such a subsequent no-evidence motion for summary judgment will be subject to an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6).[8] Thus, construing section 27.008(a) and (b) in accordance with the plain meaning of the statutory text chosen by the legislature—that is, as creating a new interlocutory appeal only when a trial court fails to timely rule on a timely-filed motion to dismiss—does not lead to an absurd result; it leads to the very logical and laudable result of providing judicial review of the elements of a claim at the outset of litigation while also limiting the potential for multiple interlocutory appeals in the same suit.

Despite the failure of section 27.008(a) and (b) to include any express or plain language creating a right to an interlocutory appeal of a timely-signed order

[8]A person may appeal from an interlocutory order that

denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73 [the libel statute].

*Id*.

13

denying a chapter 27 motion to dismiss and although construing section 27.008(a) and (b) in accordance with the literal text and in view of the entire statute does not promulgate an absurd result, Appellants nonetheless argue that a right of interlocutory appeal of an order denying a motion to dismiss must be implied into the TCPA. Appellants claim that subsection (b)'s language that "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003" implies the right exists to an interlocutory appeal of any timely-signed order denying a chapter 27 motion to dismiss. But "implying" categories of interlocutory appeals into the statute is the antithesis of the strict construction standard that we are to apply to statutes that grant interlocutory appeals and thereby expand our jurisdiction. *See CMH Homes*, 340 S.W.3d at 447 (mandating strict construction of statutes creating interlocutory appeals); Singer & Singer, *supra*, § 58:2, at 110 (explaining that under the rule of strict construction everything shall be excluded from a statute's operation that does not clearly come within the scope of the language used). As explained by the United States Supreme Court, the rule of strict construction is especially important when construing statutes that grant jurisdiction that does not otherwise exist:

> Our analysis of this issue of statutory construction "must begin with the language of the statute itself," *Dawson Chemical Co. v. Rohm & Haas Co.*, 448 U.S. 176, 187, 100 S. Ct. 2601, 2607, 65 L.Ed.2d 696 (1980), and "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056, 64 L.Ed.2d 766

14

(1980). Moreover, when the statute to be construed creates, as § 437h(a) does, a class of cases that command the immediate attention of this Court and of the courts of appeals sitting en banc, displacing existing caseloads and calling court of appeals judges away from their normal duties for expedited en banc sittings, close construction of statutory language takes on added importance. As we have said: "Jurisdictional statutes are to be construed 'with precision and with fidelity to the terms by which Congress has expressed its wishes'; and we are particularly prone to accord 'strict construction of statutes authorizing appeals' to this Court." *Palmore v. United States*, 411 U.S. 389, 396, 93 S. Ct. 1670, 1675, 36 L.Ed.2d 342 (1973) (citations omitted).

*Bread Political Action Comm. v. Fed. Election Comm'n*, 455 U.S. 577, 580–81, 102 S. Ct. 1235, 1237–38 (1982); *see also Hernandez v. Ebrom*, 289 S.W.3d 316, 322 (Tex. 2009) (Jefferson, C.J., dissenting) ("Interlocutory appeals are disruptive, time-consuming, and expensive."). The text of section 27.008(a) states plainly enough when a party may bring an interlocutory appeal—that is, when "a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, [and] the motion is considered to have been denied by operation of law." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a). And the text of section 27.008(b) does not expressly create a right of appeal but instead imposes a duty on the appellate courts to expedite disposition of any types of appeals or writs "from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *Id*. § 27.008(b). Because the statute to be construed, section 27.008, creates a class of cases that command the immediate attention of this court, displacing existing caseloads and calling us

away from our normal duties for expedited dispositions, close construction of the statutory language is especially important. *See Bread Political Action Comm.*, 455 U.S. at 580–81, 102 S. Ct. at 1237–38. Thus, construing section 27.008 with precision and with fidelity to the terms by which the legislature has expressed its wishes, we decline to "imply" into the statute, as Appellants request, a right of interlocutory appeal from a timely-signed order denying a timely-filed chapter 27 motion to dismiss. *Accord id.*; *see also Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 846–47 (Tex. 2009) (declining to read language into the statutes and citing *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex. 1984) ("While this court may properly write in areas traditionally reserved to the judicial branch of government, it would be a usurpation of our powers to add language to a law where the legislature has refrained.")).

Appellants also urge us to consider the legislative history of the TCPA. We apply a "text-centric model" when construing statutes; we will use extrinsic aids such as legislative history only when the text is not clear. *See Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 435 (Tex. 2011) (Jefferson, C.J., concurring). Here, the text is clear—section 27.008 creates an interlocutory appeal only if a court does not timely rule on a motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008 (a), (b). We nonetheless have reviewed the legislative history materials provided by Appellants; they do not support Appellants' position. The legislature clearly contemplated that an expedited appeal would be provided and

that the timetables set forth in section 27.008(c) would apply. But as to the exact scope of the appeal contemplated, the legislative history materials shed no light.

In summary, relying on the plain meaning of section 27.008(a) and (b) as expressing legislative intent, finding no different meaning has been supplied by legislative definition, viewing the statute as a whole and finding that construing section 27.008(a) and (b) in accordance with their plain meaning does not lead to absurd results, and strictly construing section 27.008 so that everything is excluded from its operation that does not clearly come within the scope of the language used, we hold that section 27.008 does not create an interlocutory appeal from a timely-signed trial court order that denies a timely-filed chapter 27 motion to dismiss. *See, e.g.*, *Bread Political Action Comm.*, 455 U.S. at 580–81, 102 S. Ct. at 1237–38; *Tex. Lottery Comm'n*, 325 S.W.3d at 635; *Stary*, 967 S.W.2d at 352–53; Singer & Singer, *supra*, § 58:2, at 110. Once the trial court timely rules, even erroneously, on a chapter 27 motion to dismiss, the inquiry is over; this court possesses no interlocutory appellate jurisdiction to review the propriety of the trial court's timely ruling. *See, e.g.*, *N.Y. Underwriters Ins. Co.*, 779 S.W.2d 677, 678–79; *Stary*, 967 S.W.2d at 352. Because Appellants attempt to appeal from a nonappealable interlocutory order, we have no jurisdiction except to dismiss the appeal. *See Cantu Servs., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 63 (Tex. App.—El Paso 2010, no pet.).

## VI. CONCLUSION

Because we lack jurisdiction over this interlocutory appeal from the trial court's timely-signed order denying Appellants' timely-filed motion to dismiss, we dismiss this appeal. Appellants have filed with this court a motion requesting that their interlocutory appeal be considered, in the alternative, as an original proceeding. By separate order issued concurrently with the issuance of this opinion, we grant that motion.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: August 16, 2012