**Motion Denied; Order filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00896-CV
_____

**DIRECT COMMERCIAL FUNDING, INC., Appellant**

**V.**

**BEACON HILL ESTATES, LLC AND INTESAR HUSAIN ZAIDI, Appellees**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-01150**

## ORDER

This is an appeal from the trial court's interlocutory order under Chapter 27 of the Texas Civil Practices and Remedies Code dismissing appellant Direct Commercial Funding, Inc.'s claims against appellees Beacon Hill Estates, LLC and Intesar Husain Zaidi. The appellees filed a motion to dismiss the appeal arguing that Chapter 27 does not allow an interlocutory appeal under the circumstances of this case. We deny the motion to dismiss.

Beacon Hill Estates and Zaidi attempted to obtain funding from Direct Commercial Funding for a commercial building; according to appellees, they paid several thousand dollars in fees but received nothing in return. These circumstances prompted Zaidi to post negative comments about Direct Commercial Funding on an internet message board called Ripoffreport.com.

Direct Commercial Funding sued Beacon Hill Estates and Zaidi on January 5, 2012 and alleged, among other things, that they breached "the non-disparagement and anti-cyber forum provisions" contained in an agreement between the parties.

Beacon Hill Estates and Zaidi filed an answer, along with counterclaims for common law fraud, statutory fraud, negligent misrepresentation, and claims under the Deceptive Trade Practices Act. They also asserted a claim against Direct Commercial Funding under a new statute entitled the "Texas Citizens Participation Act," which is codified in Chapter 27 under the heading "Actions Involving the Exercise of Certain Constitutional Rights." This statute is a type of Anti-SLAPP law, which is an acronym for "Strategic Lawsuits Against Public Participation."

Chapter 27's purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (Vernon Supp. 2012). The statute effectuates this purpose by establishing a mechanism for the early dismissal of lawsuits that threaten the right of free speech, the right to petition, or the right of association.

If a legal action is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." *Id.* § 27.003(a). A hearing on the motion to dismiss must be set not later than the 30th day after the date of service of the motion

2

"unless the docket conditions of the court require a later hearing." *Id.* § 27.004. The trial court must rule on a Chapter 27 motion to dismiss not later than the 30th day following the date of the hearing on the motion. *Id.* § 27.005(a).

The trial court signed an order dismissing Direct Commercial Funding's claims under Chapter 27 on September 5, 2012. It is undisputed that this express dismissal order is interlocutory because the trial court has not adjudicated or severed Beacon Hill Estates' and Zaidi's counterclaims against Direct Commercial Funding.

Section 27.008 is entitled "Appeal" and provides as follows:

(a) If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b) An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c) An appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed or the time prescribed by Section 27.005 expires, as applicable.

*Id.*

Beacon Hill Estates and Zaidi argue that section 27.008(a) permits an interlocutory appeal when the court fails to rule on the motion and it is denied by operation of law. Section 27.008(a) does not apply here because the trial court signed an express ruling granting dismissal; therefore, we do not address section 27.008(a).

According to Beacon Hill Estates and Zaidi, section 27.008(b) does not allow an interlocutory appeal from an express order on a motion to dismiss. Direct Commercial Funding argues that section 27.008(b) authorizes an interlocutory appeal from "a trial

3

court order on a motion to dismiss" regardless of whether the motion was denied by operation of law without an order or determined in an express order.

The statutory interpretation inquiry at issue here operates under a de novo standard of review and is governed by several precepts of statutory construction.

In construing a statute, our objective is to determine and give effect to legislative intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If the meaning of statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.* A court should not give one provision meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Additionally, a court "must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue,* 271 S.W.3d 238, 256 (Tex. 2008).

We also note that statutes providing for interlocutory appeals are to be construed strictly as exceptions to "'the general rule that only final judgments are appealable.'" *See, e.g., Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007) (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)). This precept must be viewed in light of the legislature's express command in this particular circumstance that Chapter 27 "shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b).

Section 27.008 recently was analyzed in *Jennings v. Wallbuilder Presentations, Inc.*, 378 S.W.3d 519 (Tex. App.—Fort Worth 2012, pet. filed). The trial court in *Jennings* held a hearing and expressly denied the Chapter 27 motion to dismiss in a

4

written interlocutory order. *Id.* at 522. The Fort Worth Court of Appeals determined that it lacked appellate jurisdiction because an interlocutory appeal is permitted under subsection (a) only when the trial court fails to rule on the dismissal motion, resulting in the motion being denied by operation of law. *Id.* at 524–29. The court held:

> Relying on the plain language of section 27.008(a) as expressing legislative intent, we agree with Appellees that the interlocutory appeal statutorily authorized by subsection (a) is limited to situations in which a trial court has failed to timely rule on a timely-filed motion to dismiss, and the motion to dismiss is therefore considered to have been denied by operation of law. Because the trial court in this case did timely hold a hearing on Appellants' timely-filed motion to dismiss and did timely rule on Appellants' motion to dismiss, we agree with Appellees that the present appeal does not fall within the category of interlocutory appeals authorized by section 27.008(a).

*Id.* at 524.

Subsection (b) does not repeat the language from subdivision (a) providing that a party "may appeal" the interlocutory order. *Jennings* determined that section 27.008(b) does not allow an interlocutory appeal when the trial court has ruled expressly on a motion to dismiss. *Id.* The court determined that subsection (b) mandates that an appeal be expedited, but does not allow an interlocutory appeal when the trial court signs an express order denying or granting the motion to dismiss. *Id.*; s*ee also Lipsky v. Range Production Co.*, No. 02-12-00098-CV; 2012 WL 3600014 (Tex. App.—Fort Worth Aug. 23, 2012, no pet.) (mem. op.) (following *Jennings*, court held it did not have jurisdiction over trial court's order denying motion to dismiss)*; cf. Avila v. Larrea*, No. 05-11-01637-CV; 2012 WL 6633994 (Tex. App.—Dallas Dec. 18, 2012, no pet.) (mem. op.) (court found trial court failed to rule, which was appealable under section 27.008(a)). *Jennings* did not analyze the impact of section 27.008(c) on this issue. *See Jennings*, 378 S.W.3d at 525 n.5 ("Neither party contends that section 27.008(c) creates a statutory right of interlocutory appeal.").

We depart from the analysis in *Jennings*, and we reject Beacon Hill Estates' and Zaidi's invitation to dismiss this appeal because the result they advocate impermissibly renders portions of subsections (b) and (c) meaningless in contravention of statutory construction precepts.

Subsection (b) states that "an appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss . . . or from a trial court's failure to rule . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). If no interlocutory appeal is available when the trial court expressly rules on a motion to dismiss by signing an order, then the phrase "from a trial court order on a motion to dismiss" appearing after the phrase "whether interlocutory or not" is rendered meaningless. We further conclude that the most natural reading of the phrase "whether interlocutory or not" is to read it as modifying both of the subsequent references to "a trial court order" and "a trial court's failure to rule." *See McIntyre v. Ramirez,* 109 S.W.3d 741, 746 (Tex. 2003) (interpreting phrase "a person who would ordinarily receive or be entitled to receive" in statute to mean a person who would "ordinarily receive" or "ordinarily be entitled to receive"); *Cent. Power & Light Co. v. Bradbury,* 871 S.W.2d 860, 863–64 (Tex. App.—Corpus Christi 1994, writ denied) (interpreting phrase "ambulatory devices and services" in statute to mean "ambulatory devices" and "ambulatory services"); *see also Bonilla v. State,* No. 14–08–00289–CR, 2010 WL 2195440, at *9 n. 18 (Tex. App.—Houston [14th Dist.] June 3, 2010, no pet.) (mem.op.) (interpreting phrase "written order or grant of permission" in criminal statute to mean "written order" or "written grant of permission" according to "rules of grammar and common usage").

Subsection (c) states that an appeal "must be filed on or before the 60th day after the date the trial court's order is signed or the time prescribed by section 27.005 expires, as applicable." If no signed order can be the subject of an interlocutory

6

appeal, then the reference to the date on which "the trial court's order is signed" also is superfluous.

The motion of Beacon Hill Estates and Zaidi to dismiss Direct Commercial Funding's appeal from the trial court's September 5, 2012 order granting dismissal under Chapter 27 is denied. In light of this disposition, we do not address Direct Commercial Funding's alternative request to treat its appellate pleadings as a petition for writ of mandamus.


/s/    William J. Boyce
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and McCally.