DISMISS; Opinion Filed March 1, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-12-00677-CV

---

## RAVINDER K. JAIN, Appellant

V.

## CAMBRIDGE PETROLEUM GROUP, INC., Appellee

---

On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-05053-2011

---

## OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Myers

On the Court's own motion, we withdraw the opinion issued February 7, 2013 and vacate our judgment of that date. The following is now the opinion of this Court.

Ravinder K. Jain appeals the trial court's denial of his motion to dismiss under the Texas Citizens Participation Act,[1] chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West Supp. 2012). Appellant brings this interlocutory appeal under section 27.008 of the code. *See id.* § 27.008(b). Appellant brings one issue on appeal contending the trial court improperly denied appellant's motion to dismiss. In a

---

[1] *See* Act of May 21, 2012, 82nd Leg., R.S., ch. 341, § 1, 2011 Tex. Gen. Laws 960, 960.

cross-point, Cambridge Petroleum Group, Inc. contends this Court lacks jurisdiction over the appeal because appellant did not timely file his notice of appeal. We agree appellant's notice of appeal was untimely, and we dismiss the appeal for want of jurisdiction.

## BACKGROUND

The Citizens Participation Act permits a defendant who has been sued in response to the defendant's exercise of the right of free speech, right to petition, or right of association to move for dismissal of the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). The defendant must file the motion within sixty days of the date of service of the legal action. *Id.* § 27.003(b). The trial court must set the hearing on the motion to dismiss within thirty days after service of the motion unless the court's docket conditions require a later setting. *Id.* § 27.004. The court must rule on the motion to dismiss within thirty days of the hearing. *Id.* § 27.005(a). If the court does not rule on the motion to dismiss within thirty days of the hearing, then the motion is considered denied by operation of law. A defendant may bring an interlocutory appeal of a motion to dismiss that was denied by operation of law. *Id.* § 27.008(a). The notice of appeal must be filed "on or before the 60th day after the date the trial court's order is signed or" the date the motion is denied by operation of law. *Id.* § 27.008(c).

In this case, appellee sued appellant for defamation, and appellant timely moved for dismissal of the suit. The trial court held a hearing on the motion on February 2, 2012. The trial court did not issue a ruling on the motion within thirty days; accordingly, the motion was denied by operation of law on March 5, 2012.[2] Appellant had to file his notice of appeal within sixty days, that is, by May 4, 2012. *Id.* Appellant filed his notice of appeal on May 21, 2012. In the

---

[2] March 3, 2012 was the thirtieth day after February 2, 2012. However, because March 3 was a Saturday, the time was extended to the following Monday, March 5. *See* TEX. R. CIV. P. 4.

meantime, the trial court signed a written order purporting to deny appellant's motion to dismiss on May 17, 2012.

## JURISDICTION

We begin by addressing appellee's cross-point asserting we lack jurisdiction over this appeal. *See Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 642 (Tex. App.—Dallas 2010, no pet.). Generally, courts of appeals have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The courts have jurisdiction over interlocutory orders only when that authority is explicitly granted by statute. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Statutes authorizing interlocutory appeals are strictly construed because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Appellee contends appellant's notice of appeal was untimely because it was not filed within sixty days of the denial by operation of law of appellant's motion to dismiss.[3] Appellant argues his notice of appeal was timely because it was filed within sixty days of the trial court's

---

[3] Applying the weekend provisions of rule of appellate procedure 4.1, appellant filed his notice of appeal on the fifteenth day after the deadline for perfecting the appeal. *See* TEX. R. APP. P. 4.1(a). Rule 26 permits an appellate court to extend the time to file the notice of appeal if the appellant files the notice of appeal and a motion for extension of time within fifteen days of the deadline. TEX. R. APP. P. 26.3. Appellant did not file a motion for extension of time to file notice of appeal. The courts imply such a motion under rule 26.3 when a notice of appeal is filed in good faith during the time for filing a motion for extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, appellant's notice of appeal was not filed under rule 26; it was filed under Civil Practice & Remedies Code section 27.008(c). The deadlines and extensions for perfecting an appeal under rule 26 do not apply when a statute provides the times for perfecting appeal. *See* TEX. R. APP. P. 28.1(b) ("*Unless otherwise provided by statute*, an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3." (Emphasis added.)). Section 27.008(c) requires the appeal be filed "on or before the 60th day after . . . the time prescribed" for the trial court to rule on a motion to dismiss. Permitting an extension of time, express or implied, to file the notice of appeal beyond the sixtieth day would conflict with the requirements of section 27.008(c). Accordingly, we do not imply an extension.

signed order denying the motion to dismiss.[4]  We agree with appellee.  Section 27.008(c) requires "the appeal" be filed "on or before the 60th day after the date the trial court's order is signed or the time prescribed by Section 27.005 expires, as applicable."  The only "time prescribed by Section 27.005" is the requirement that the trial court rule on the motion to dismiss within thirty days after the hearing.  Thus, "the 60th day after . . . the time prescribed by Section 27.005 expires" is the "applicable" period.  The trial court's signing the order denying the motion after it was already denied by operation of law is legally of no effect because the motion to dismiss was already denied.

We are to construe chapter 27 "liberally to effectuate its purpose and intent fully."  CIV. PRAC. § 27.011(b).  The chapter's purpose is

> to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

*Id.* § 27.002.  The structure of the statute indicates a legislative intent for an expedited resolution of a defendant's assertion that a frivolous lawsuit has been filed against him in retaliation for the exercise of his constitutional right of free speech, right to petition, or right of association.[5]  The statute requires the motion to dismiss be filed within sixty days of the defendant being served with the "legal action," *id.* § 27.003(b); the hearing must occur within thirty days of the filing of

---

[4] The Fort Worth Court of Appeals has determined that chapter 27 does not provide for an interlocutory appeal from a timely ruling denying a motion to dismiss. *See Jennings v. WallBuilder Presentations, Inc.*, 378 S.W.3d 519, 524–25 (Tex. App.—Fort Worth 2012, pet. filed).  Because we conclude in this opinion that the trial court did not timely rule on appellant's motion to dismiss, we express no opinion here on the issue addressed in *Jennings*.

[5] *See also* House Comm. On Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 2973, 82nd Leg, R.S. (2011) ("C.S.H.B. 2973 seeks to encourage greater public participation of Texas citizens through safeguarding the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government *by providing for an expedited motion to dismiss frivolous lawsuits* aimed at retaliating against someone who exercises the person's right of association, free speech, or right of petition." (Emphasis added.)).

the motion to dismiss unless docket conditions require a later setting, *id.* § 27.004; the trial court must rule on the motion to dismiss within thirty days of the hearing or the motion is denied by operation of law, *id.* §§ 27.005(a), .008(a); and the court of appeals must expedite the appeal, *id.* § 27.008(b). Permitting a defendant to appeal more than sixty days after the motion to dismiss has been denied by operation of law by obtaining a signed order from the trial court denying the motion to dismiss would defeat the legislature's public policy objective.

Appellant failed to timely perfect his appeal within sixty days after the motion to dismiss was denied by operation of law. Accordingly, we lack jurisdiction over the appeal. We sustain appellee's first cross-point, and we do not address appellant's issue.

We dismiss the appeal for want of jurisdiction.

_____
LANA MYERS
JUSTICE

120677F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

Ravinder K. Jain, Appellant

No. 05-12-00677-CV      V.

Cambridge Petroleum Group, Inc., Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-05053-2011.
Opinion delivered by Justice Myers.
Justices Moseley and Fillmore participating.

We **VACATE** this Court's judgment of February 7, 2013. The following is now the judgment of the Court.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Cambridge Petroleum Group, Inc. recover its costs of this appeal from appellant Ravinder K. Jain.

Judgment entered this 1st day of March, 2013.

_____
LANA MYERS
JUSTICE