COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:        James W. Paulsen v. Ellen A. Yarrell

Appellate case number:    01-14-00351-CV

Trial court case number:  1037908

Trial court:                     County Civil Ct at Law No 1 of Harris County

In 2013, the Texas Legislature modified the statutory authorization for interlocutory appeals from orders pursuant to Chapter 27 of the Civil Practice and Remedies Code. In particular, Section 51.014(a)(12) now expressly provides that "a person may appeal from an interlocutory order of a district court, county court at law, or county court that . . . *denies* a motion to dismiss filed under Section 27.003." Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 4, eff. June 14, 2013 (emphasis supplied). This legislation apparently reflects the legislative response to the split in authority that had developed in the courts of appeals concerning whether Section 27.008 created a right of interlocutory appeal. *See generally Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *3 (Tex. App.—Austin Apr. 11, 2014, pet. filed); *see also Jennings v. WallBuilder Presentations, Inc. ex rel. Barton*, 378 S.W.3d 519, 528 (Tex. App.—Fort Worth 2012, pet. denied) ("construing section 27.008 with precision and with fidelity to the terms by which the legislature has expressed its wishes, we decline to 'imply' into the statute . . . a right of interlocutory appeal from a timely-signed order denying a timely-filed chapter 27 motion to dismiss").

Legislative grants of interlocutory appellate jurisdiction are treated as narrow exceptions to the general rule that appeals can only be taken from a final judgment, and as such they have been construed "strictly." *E.g.*, *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Appellant Paulsen's interlocutory appeal from the trial court's denial of attorney's fees—an ancillary

aspect of an order that *granted* his motion to dismiss—therefore may be subject to dismissal for want of interlocutory appellate jurisdiction.

To the extent any party may object to the dismissal of Paulsen's interlocutory appeal, a supplemental brief addressing this court's interlocutory jurisdiction must be filed on or before November 14, 2014. *See* TEX. R. APP. P. 38.9(b), 42.3(b).

It is so ORDERED.


Judge's signature:       /s/ Michael Massengale
                                       Justice Michael Massengale, Acting individually


Date: November 4, 2014