

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00290-CV

———————————————

TIE LASATER AND KEYCITY CAPITAL, LLC, Appellants

V.

COREY THOMPSON, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-315027-20

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Tie Lasater and KeyCity Capital, LLC attempt to appeal from the trial court's final judgment granting appellee Corey Thompson's motion to dismiss under the Texas Citizens Participation Act (TCPA), ordering that they take nothing on their claims, and awarding Thompson attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011. Thompson has moved to dismiss this appeal for want of jurisdiction, arguing that Lasater and KeyCity Capital's notice of appeal was untimely. As explained below, we agree with Thompson, and we will thus grant his motion and dismiss this appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Under TCPA Section 27.008(b), "[a]n appellate court *shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003* or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (emphasis added). Appeals that are statutorily required to be expedited are accelerated appeals. Tex. R. App. P. 28.1(a). In an accelerated appeal, a notice of appeal must be filed within 20 days after the date the judgment or order is signed or within 35 days, if a motion to extend time has been filed. *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(b). Filing a new-trial motion, any other posttrial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal. Tex. R. App. P. 28.1(b). Absent a timely filed notice of appeal or extension request, we lack jurisdiction. *See*

Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, Thompson moved to dismiss Lasater and KeyCity Capital's claims under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. After the trial court granted the motion, Lasater and KeyCity Capital requested findings of fact and conclusions of law, and Thompson moved for court costs and attorney's fees under the TCPA. *See id.* § 27.009(a) (requiring trial court to award court costs and reasonable attorney's fees to successful TCPA movant). On July 1, 2020, the trial court signed a final judgment granting Thompson's TCPA motion, ordering that Lasater and KeyCity Capital take nothing on their claims, and awarding Thompson his attorney's fees.[1] On July 29, 2020, Lasater and KeyCity Capital moved for reconsideration, which the trial court denied. Lasater and KeyCity Capital then filed their notice of appeal on September 14, 2020.

---

[1]Although Thompson was entitled to a court-costs award under the TCPA, *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a), the trial court's final judgment does not award court costs. But that does not affect the judgment's finality. When, as here, "there has not been a conventional trial on the merits," a judgment is final and appealable if it actually disposes of all claims and all parties or if it "clearly and unequivocally" states that it does. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). A phrase such as "[t]his judgment finally disposes of all parties and all claims and is appealable" unequivocally expresses an intent to finally dispose of a case. *Id.* at 206. The judgment here contains this language and is thus final. *See In re Elizondo*, 544 S.W.3d 824, 828–29 (Tex. 2018) (orig. proceeding) (explaining that if an order's finality language is clear and unequivocal, an appellate court does not examine the record to determine finality).

Because the trial court's final judgment was final and appealable, the appellate timetables began on the date the trial court signed the judgment—July 1, 2020. Accelerated timetables apply to this appeal because it is an appeal from an "order on a motion to dismiss a legal action under Section 27.003." *Id.* § 27.008(b); *see Flynn v. Gorman*, No. 02-16-00131-CV, 2016 WL 4699198, at *1 (Tex. App.—Fort Worth Sept. 8, 2016, no pet.) (per curiam) (mem. op.) ("[S]ection 27.008(b) of the civil practice and remedies code provides that appeals from trial court orders on motions to dismiss under the TCPA are expedited, whether interlocutory or not."); *see, e.g., Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, No. 11-20-00067-CV, 2020 WL 1625522, at *2 (Tex. App.—Eastland Apr. 2, 2020, pet. denied) (per curiam) (mem. op.); *Connor v. Stephenson*, No. 03-18-00750-CV, 2018 WL 6816829, at *2 (Tex. App.—Austin Dec. 28, 2018, pet. denied) (mem. op.); *Kim v. Kim*, No. 05-16-01508-CV, 2017 WL 1281397, at *1 (Tex. App.—Dallas Apr. 6, 2017, pet. denied) (mem. op.); *Roll-N-Rock, Inc. v. Patison*, No. 05-15-00164-CV, 2015 WL 5098520, at *1 (Tex. App.—Dallas Aug. 31, 2015, no pet.) (mem. op.); *see also Jennings v. WallBuilder Presentations, Inc.*, 378 S.W.3d 519, 524 (Tex. App.—Fort Worth 2012, pet. denied) (noting, under the 2011 version of Section 27.008(b), that subsection (b)'s plain language and meaning "require expedited consideration by an appellate court of *any* appeals . . . from a trial court's ruling on a motion to dismiss filed under chapter 27, whether interlocutory or not" (emphasis added)). Lasater and KeyCity Capital's notice of appeal was thus due on July 21, 2020, 20 days after the date the judgment was

signed or, if a timely extension motion had been filed, August 5, 2020. *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(b). But Lasater and KeyCity Capital did not file their notice of appeal until September 14, 2020.

Lasater and KeyCity Capital argue in their response to Thompson's dismissal motion that Section 27.008(b)'s phrase "a trial court order on a motion to dismiss" should be interpreted to mean an order denying a TCPA dismissal motion, and for this reason, only appeals from interlocutory orders denying TCPA dismissal motions are accelerated. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). But Section 27.008(b)'s plain language does not support this interpretation. Any appeal—"whether interlocutory or not"—from a trial-court order on a TCPA dismissal motion is expedited and is thus accelerated.[2] *Id.*; *see* Tex. R. App. P. 28.1(a); *see also Flynn*, 2016 WL 4699198, at *1; *Jennings*, 378 S.W.3d at 524. We are not alone in this interpretation; several of our sister courts have construed Section 27.008(b) this way. *See, e.g.*, *Deepwell Energy Servs.*, 2020 WL 1625522, at *2; *Connor*, 2018 WL 6816829, at *2; *Kim*, 2017 WL 1281397, at *1; *Roll-N-Rock, Inc.*, 2015 WL 5098520, at *1.

Alternatively, Lasater and KeyCity Capital ask us to grant them an extension of time to file their notice of appeal because their "late filing was the result of mistake or

---

[2]A party may appeal from an interlocutory order *denying* a TCPA dismissal motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). But "only upon final judgment" can a party appeal from an interlocutory order *granting* a TCPA motion. *Roll-N-Rock, Inc.*, 2015 WL 5098520, at *1 (citing Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12); *Shankles v. Gordon*, No. 05-14-01444-CV, 2015 WL 3454429, at *1 (Tex. App.—Dallas June 1, 2015, no pet.) (mem. op.)).

miscalculation and was not intentional or the result of conscious indifference." They argue that to "limit, restrict, and effectively deny [their] right of appeal retroactively based on a new interpretation of a statute would be a violation of their due process rights under the United States and Texas Constitutions." But our interpretation is not new. *See Flynn*, 2016 WL 4699198, at \*1; *Jennings*, 378 S.W.3d at 524; *see, e.g.*, *Deepwell Energy Servs.*, 2020 WL 1625522, at \*2; *Connor*, 2018 WL 6816829, at \*2; *Kim*, 2017 WL 1281397, at \*1; *Roll-N-Rock, Inc.*, 2015 WL 5098520, at \*1. And while the result here is harsh, the Texas Rules of Appellate Procedure prohibit us from suspending the rules "to alter the time for perfecting an appeal in a civil case." Tex. R. App. P. 2.

Because Lasater and KeyCity Capital's notice of appeal was untimely, we lack jurisdiction over this appeal and must dismiss it. *See* Tex. R. App. P. 42.3(a); *In re D.A.*, 02-15-00346-CV, 2015 WL 9244637, at \*1 (Tex. App.—Fort Worth Dec. 17, 2015, no pet.) (mem. op.) ("The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal."). We thus grant Thompson's dismissal motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: February 4, 2021