ACCEPTED
13-14-0693-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/27/2015 11:04:17 AM
CECILE FOY GSANGER
CLERK

**13-14-00693-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/27/2015 11:04:17 AM
CECILE FOY GSANGER
Clerk

# IN THE THIRTEENTH COURT OF APPEALS

# HIDALGO COUNTY, TEXAS

## MARIANN BACHARACH

*Appellant*

**v.**

## EUFEMIA GARCIA

*Appellee*

On Appeal from the 389th District Court
of Hidalgo County, Texas
Cause No. C-5535-14-H
The Honorable Letty Lopez, Judge Presiding

## BRIEF OF APPELLEE

Chris Carmona
Texas Bar No. 24072022
PO BOX 7137
Houston, Texas 77248
Tel. (832)444-4293
Fax (832)460-2724

COUNSEL FOR APPELLEE

NO ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Index of Authorities……………………………………………………………..iii

Abbreviations, Record References, and Party Identification……………………ix

Issued Presented……………………………………………………….……..xi

Statement of Facts…………………………………………………………….....1

    A. Appellees' Fact Statement……………………………….……………...1
    B. Objections to Appellant's Fact Statement……………………………..7

Summary of the Argument……………………………………………………8

Argument………………………………………………………………….…..11

    I.      Standard of Review…………………………………………..11
        A. Standard of Review of Appellant's Burden
           Under Section 27.005(b)……………………………………12
        B. Standard of Review of Appellee's Burden
           Under Section 27.005(c)……………………………………14
    II.    The Trial Court properly denied appellant's motion to dismiss….18
        A. Appellant's statements did not exclusively address
           matters of public concern…………..………………….21
           1. Appellant did not establish by a preponderance of the
              evidence that her statements were "a matter of public
              concern."………………………………………..……..21
           2. The Act should properly be interpreted to apply to all
              communications which remotely touch on a topic of public
              debate, else the express legislative intention to protect every
              person's constitutional right to bring meritorious lawsuits
              for demonstrable injury is obviated……………………25
           3. Appellees established by clear and specific evidence a
              *prima facie* case for each essential element of each cause
              of action………………………………………………..27
           4. Clear and specific evidence established a *prima facie* case
              for each element of the common law defamation and the
              statutory libel causes of action...………………………27

5. Clear and specific evidence established a *prima facie* case for each element of defamation *per se*…………………...30

6. Clear and specific evidence established a *prima facie* case for each element of the *intentional infliction of emotional distress* cause of action………………………………...33

7. Clear and specific evidence established a *prima facie* case for each element of the *invasion of privacy* cause of action……………….......................................................34

Conclusion…………………………………………………………...35

Prayer……………………………………………………………...…35

Certificate of Compliance…………………………………………….37

Certificate of Service……………………………………………...…37

Appendix……………………………………………………………..38

# INDEX OF AUTHORITIES

**Cases**

*Adolph Coors Co. v. Rodriguez,*
     780 S.W.2d 477, 488 (Tex. App – Corpus Christi 1989, writ denied)…..31

*Avila v. Larrea,*
     394 S.W.3d 646, 662 (Tex. App. – Dallas 2012, pet. Filed)…………….12

*Bentley v. Bunton*,
     94 S.W.3d 579, 583-87, 591………………………………17, 19, 28, 30

*Better Bus. Bureau of Metro. Dallas v. Ward*,
     401 S.W.3d 440, 445 (Tex. App. – Dallas 2013, pet. Filed)…………….12

*Better Bus. Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,*
     402 S.W.3D 299, 2013 Tex. App. LEXIS 6057 at \*9 and 24, 6067 at \*9-10 (Tex. App.-Dallas 2013, pet. Filed)…………………………..11, 12, 13

*Better Bus. Bureau of Metro Houston v. John Moore Services,*
     2013 Tex. App. LEXIS 8756 \*8 (Tex. App. – Houston [1st Dist.] 2013, no pet.)…………………………………………………………..12, 15

*Carr v. Brasher,*
     776 S.W.2d 567, 569 (Tex. 1989)………..………………………20, 30

*Christy v. Stauffer Publications, Inc*.,
     437 S.W.2d 814 (Tex. 1969)……………………………………….30

*City of Brownsville v. Pena*,
     716 S.W.2d 677, 682 (Tex. App – Corpus Christi 1986, no writ)………31

*City of Keller v. Wilson,*
     168 S.W.3d 802, 819-20 (Tex. 2005)……………………………13, 14, 17

*Cox Tex. Newspapers, L.P. v. Penick*,
     219 S.W.3d 425, 433 (Tex. App – Austin 2007, pet. denied)…………...32

*Davis v. Davis*,
	734 S.W.2d 707, 711 (Tex. App – Houston [1st Dist.] 1987,
	writ ref'd n.r.e.)…………………………………………………….32

*Diamond Shamrock Refining & Mktg. Co. v. Mendez,*
	844 S.W.2d 198, 203 (Tex. 1992)…………………………………34

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
	472 U.S. 749, 759-61, 105 S. Ct. 2939, 2945-46, 86 L. Ed. 2d 593
	(1985)………………………………………………………………..29, 30

*Evans v. McKay*,
	212 S.W. 680, 685 (Tex. Civ. App – Dallas 1919, writ dism'd)………..31

*Ex Parte George Tucker*,
	220 S.W. 75, 76, 110 Tex. 335, 337 (1920)……………………………..19

*Ex Parte Tucci*,
	859 S.W.2d 1, 19-26 (Tex. 1993)…………………………………….20

*First State Bank v. Ake*,
	6056 S.W.2d 696, 702 (Tex. App – Corpus Christi 1980,
	writ ref'd n.r.e.)……………………………………………………31

*Gertz v. Robert Welch, Inc.*,
	418 U.S. 323, 347, 94. S. Ct. 2997, 41 L. Ed. 2d 789 (1974)…………...29

*Hancock v. Variyam*,
	400 S.W.3d at 69……………………………………………………30, 32

*Hearst Corp. v. Skeen*,
	159 S.W.3d 633, 636-37 (Tex. 2005)…………………………………29

*Hoffman-La Roche, Inc. v. Zeltwanger*,
	144S.W.3d 438, 445 (Tex. 2004)…………………………………20, 33

*In Re Steven Lipsky,*
	2013 Tex, App. LEXIS 4975 *12, 32 (Tex. App. – Ft. Worth, 2013, no
	pet.……………………………………………………………………12, 15

*Industrial Found. Of the South v. Texas Indus. Accident Bd.,*
    540 S.W.2d 668, 682 (Tex. 1976), *cert. denied*…………………………34

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,*
    341 S.W.3d 323, 337 (Tex. 2011)…………………………………….28

*Jain v. Cambridge Petroleum Grp., Inc.,*
    395 S.W.3d 394, 2013 Tex. App. LEXIS 2088 (Tex. App. – Dallas 2013,
    no pet.)…………………………………………………………...12

*Klentzman,*
    312 S.W.3d at 906…………………………………………………24

*Marshall v. Mahaffey*,
    974 S.W.2d 942, 950 (Tex. App. – Houston [14th Dist.] 2011, no pet.)…30

*McGalliard v. Kuhlmann,*
    722 S.W.2d 694, 697 (Tex. 1986)………………………………………14

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1, 19, 110 S. Ct. 2695, 2706, 111 L. Ed.2d 1, 18 (1990)….28, 30

*Miranda v. Byles*,
    390 S.W.3d at 556…………………………………………………….32

*Mission Consol. Indep. Sch. Dist. V. Garcia,*
    372 S.W.3d 629, 634 (Tex. 2012)…………………………………….18

*Montgomery Indep. Sch. Dist. V. Davis,*
    34 S.W.3d 559, 567 (Tex. 2000)……………………………………...14

*Nat'l Family Care Life Ins. Co. v. Fletcher*,
    57 S.W.3d 662, 669-70 (Tex. App. – Beaumont 2001, pet. denied)…….17

*Neely v. Wilson,*
    56 Tex. Sup. J. 766 *12, 2013 Tex. LEXIS 511 (June 28, 2013)……16, 20

*New Times, Inc. v. Isaacks*,
    146 S.W.3d 144, 157 (Tex. 2004)…………………………………….31

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,*
>2013 Tex. App. LEXIS 5407 *16-17(Tex. App.—Houston [1st Dist.] May
>2, 2013, no pet.)…………………………………………………………….12

*O'Brien v. Daboval*,
>388 S.W.3d 826, 840 (Tex. App. – Houston [1st Dist.] 2012, no pet.)….28

*Peshak v. Greer*,
>13 S.W.3d 421, 425-26 (Tex. App – Corpus Christi 2000, no pet.)……..29

*Philadelphia Newspapers, Inc. v. Hepps*,
>475, U.S. 767, 776-77, 106 S. Ct. 1558, 1564, 89 L. Ed. 2d 783 (1986)..29

*Rehak Creative Servs., Inc. v. Witt,*
>2013 Tex. App. LEXIS 6196, at *22-23………………………...12, 14, 15

*Richardson v. City of Pasadena*,
>513 S.W.2d 1, 4 (Tex. 1974)………………………………………………16

*Rodriguez v. Printone Color Corp.*,
>982 S.W.2d 69, 72 (Tex. App. – Houston [1st Dist.] 1998, pet. denied…15

*Shearson Leham Hutton, Inc. v. Tucker*,
>806 S.W.2d 914, 922 (Tex. App – Corpus Christi 1991, writ dism'd
>w.o.j.)……………………………………………………………………….31

*Star Telegram, Inc. v. Doe*,
>915 S.W.2d 471, 473-74, (Tex. 1995)…………………………………..20, 34

*Tex. Lottery Comm'n v. First State Bank of DeQueen*,
>325 S.W.3d 628, 635 (Tex. 2010)………………………………………….13

*Thomas-Smith v. Mackin,*
>S.W.3d 503, 509 (Tex. App. – Houston [14th Dist.] 2007, no pet.)……..27

*Toles v. Toles*,
>45 S.W.3d 252, 260 (Tex. App.-Dallas 2001, pet. Denied)……………...33

*Transport Ins. Co. v. Faircloth*,
>898 S.W.2d 269, 276 (Tex. 1995)………………………………………….28

*Thomas-Smith v. Mackin,*
    S.W.3d 503, 509 (Tex. App. – Houston [14th Dist.] 2007, no pet.)……..27

*Turner v. KTRK TV, Inc.,*
    38 S.W.3d 103, 114, 117 (Tex. 2000)……………………………….20, 31

*Twyman v. Twyman,*
    855 S.W.2d 619, 623 (Tex. 1993)…………………………………….33

*West Texas Utilities Co. v. Wills,*
    164 S.W.2d 405, 412 (Tex. Civ. App – Austin 1942, no writ)………….31

*WFAA-TC. Inc,*
    978 S.W.2d at 571…………………………………………………….27

*Wholesale TV & Radio Adver., LLC v. Better Bus. Bureau of Metro Dallas, Inc.,*
    2013 Tex. App. LEXIS 7348 (Tex. App. – Dallas 2013, no pet.)……….12

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 27.001………………………………..25
TEX. CIV. PRAC. & REM. CODE § 27.001(3)……………………………..25
TEX. CIV. PRAC. & REM. CODE § 27.001(7)……………………………..26
TEX. CIV. PRAC. & REM. CODE § 27.002………………………….20, 21
TEX. CIV. PRAC. & REM. CODE § 27.009(a)……………………………..11
TEX. CIV. PRAC. & REM. CODE § 27.011………………………………..26
TEX. CIV. PRAC. & REM. CODE § 27.011(a) and (b)……………………..26
TEX. CIV. PRAC. & REM. CODE § 73.001………………………….20, 28
TEX. CIV. PRAC. & REM. CODE ANN. § 27.001…………………………...25
TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(d)………………………..16
TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)………..11, 12, 13, 14, 27
TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)…………..11, 14, 17, 18
TEX. CIV. PRAC. & REM. CODE ANN. § 27.011…………………...20, 21, 26

**Other Authorities**

RESTATEMENT 2ND TORTS, § 652D, cmt……………………………………..34

TEX. CONST. SRT. I, § 8……………………………………………………...19

## ABBREVIATIONS AND RECORD REFERENCES

**Clerk's Record**

The (original) Clerk's Record is cited as "CR [page number]."

**Reporter's Record – Testimony**

Direct Examination of Mariann Bacharach is cited as: "CV Supp Rpt Rec Volume 1 OF Volume 1".

**Parties**

When necessary parties will be referred to as Appellant and Appellee.

**Appendices**

The citation "App." Refers to the Appendix to the Brief of Appellant.

## PARTY IDENTIFICATION

**APPELLEE**

EUFEMIA GARCIA

**COUNSEL FOR APPELLEE**

CHRIS CARMONA

P.O.BOX 90014

HOUSTON, TX 77290

CHRIS@CAMONALAWOFFICE.COM

**APPELLANT**

MARIANN BACHARACH

P.O.BOX 8217

HOUSTON, TX 77288

PRO SE

832-352-5926

BACHARACHMARIANN@GMAIL.COM

**ISSUES PRESENTED**

1. Did the trial court err denying Appellant's Motion to Dismiss under the Texas Citizens Participation Act?

2. Did Appellant meet her standard of evidence required by the Texas Citizens Participation Act in order to shift the burden to Appellee?

3. Did Appellee present a *prima facie* case for her causes of action?

# STATEMENT OF FACTS

## A. APPELLEE'S FACT STATEMENT

This case is an interlocutory appeal by Appellant from the 389th District Court in Hidalgo County as a result of denying Appellant's Motion to Dismiss under Chapter 27 of the Texas Civil Practice Remedies Code commonly known as the Citizen's Participation Act. Appellee's petition for numerous causes of action including libel, libel per se, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, civil rights violation, and gross negligence were not dismissed.

This case involves Appellant, Mariann Bacharach and her "scorched earth" attempt to damage Appellee, Eufemia Garcia. Appellant has attempted a modern day electronic lynching of Appellees rights to seek redress in the Courts. Appellant has espoused vile racist threats, taunts, and character assassination of Appellees reputation by calling Appellee hideous names. Appellant also continues to call Appellee and her family ethnic and cultural slurs in hopes of intimidating Appellee into rescinding her complaints against Appellant, Mariann Bacharach. All of the Appellant's conduct is actionable, entitling the Appellee to relief from this Court.

Appellant published information on the internet accusing Appellee of being a prostitute (CR 267), additionally, Appellant continues a hate inspired campaign

1

on the Internet and via telephone against Appellee and her family. She has espoused racist rhetoric to the point of Appellee fearing that Appellant, Mariann Bacharach, might physically hurt her. Appellant has previously shot a lawyer with a 357 caliber weapon.

Appellee, is the mother, grandmother, and mother in law of five different lawyers in the state of Texas. Appellee's son Rogelio Garcia is a lawyer in good standing with the State Bar of Texas and has been for approximately 32 years. Appellee's son had a relationship with Appellant and after a failed relationship Appellant threatened Appellee's son with revenge and attacks not only to himself and his immediate family, but his law firm, legal representatives and his other relatives.

Appellant published information on the internet accusing Appellee, Eufemia Garcia, the mother of Rogelio Garcia of being a prostitute. Appellant has judicially confessed, not only in various courts in Harris County but also in the Court proceedings in the 389th District Court of Hidalgo County, that she was the author of said posts. Throughout this litigation Appellant has continued to harass Appellee. To date, Mariann Bacharach has been found in contempt by the 157th District Court in Harris County and fined $5,000 for continual attacks on Appellee's son. Appellee was made aware throughout the year that Mariann Bacharach had published a post calling the Appellee a prostitute.

As a result of Appellee being called a prostitute, Appellee has been embarrassed, offended, and humiliated to the point that Appellee has become anxious, nervous, and depressed. Appellee has had individuals in her community ask her if she is such person. Appellee's health has deteriorated to the point that her quintuple heart surgery symptoms have been exacerbated. Appellee initially started this lawsuit as Jane Doe because of the embarrassment and humiliation that she had suffered as a result of the postings by Appellant Mariann Bacharach. Appellant has now aggravated Appellee's symptoms by claiming the initial filing of Jane Doe was not Appellee, Eufemia Garcia, but rather a "ghost plaintiff". This has further caused her mental anguish, anxiety, and depression. Appellee foresees that Appellant, Mariann Bacharach will continue her attacks against Appellee unless access to the justice system is allowed.

The defamatory statements that the Appellee was a prostitute constitute libel and libel per se because they asserted that the Appellee was guilty of sexual and other vile acts, thereby demeaning her reputation as being honest and trustworthy. The Appellant's defamatory statements are false. The truth is that Appellee never engaged in any improper activity. Appellee testified at the hearing in front of the 389th District Court that she was not and never has been a prostitute in her life.

The Appellant, Mariann Bacharach, made false and defamatory statements intentionally by failing to state the truth. The Appellant knew that the statements

3

were false. The Appellant published the defamatory statements with knowledge that they were false and regard to their falsity.

As a direct and proximate result of the Appellant's false and defamatory statements, the Appellee has endured shame, embarrassment, humiliation, and mental pain and anguish. Additionally, the Appellee has and will in the future be seriously injured in her reputation, good name, and standing in the community, and will be exposed to the hatred, contempt, and ridicule of the public in general. Consequently, Appellee, seeks actual and exemplary damages.

In addition to the severe emotional distress the Appellee has suffered, as a proximate result of the Appellant's conduct in that, in all reasonable probability, the Appellee will continue to suffer this mental pain, anguish, and mental depression for a long time into the future in that the posts that Mariann Bacharach published are permanent in nature.

It aggravated Appellee's condition that Appellant was intentionally trying to cause damage to Appellees son's reputation by wrongfully speaking about the Appellee, herself.

Appellant did not act like a reasonable person would under the same similar circumstances and if she had she would not have made a publication disparaging Appellee's good name. Appellant is now claiming that Appellee is not actually her

but some other male person who happens to be a family member. Appellant, Mariann Bacharach made no effort to ascertain the falsity of her defamatory statements about Appellee prior to posting. The Appellant has now exacerbated Appellees medical conditions in her attempt to embarrass humiliate and threaten Appellees health.

Appellant has now attempted to continuously embarrass, humiliate, threaten and alarm Appellee by filing frivolous, fictional and hearsay "alleged" evidence calling an additional family member a "ghost" Appellee. Appellant believes that she can file irrelevant and immaterial information solely for the purpose of embarrassing Appellee and her family members. The "alleged" evidence that Appellee has attached to her petition are rumors, innuendos, lies, and fraudulent data simply submitted to embarrass Appellee and family members. Said alleged evidence by Appellant has attempted to compound stress on the 86 year old Appellee who is now, as a result of said stress, seeking medical help for her damages.

Appellant has now published a website attacking not only family members but her legal representative, Chris Carmona. Appellant has telephonically attacked Appellee's lawyer in many posts in hopes that said Counsel will abandon his representation of Appellee in Hidalgo County. Appellee has been threatened and

harassed by different people to drop her lawsuit and claiming that she will be jailed. Appellee believes that these individuals are working with Appellant.

Appellant has bullied, laughed, and criticized Appellee. Appellant has also wrongfully stated, wrote, and insinuated that Appellee is not an American and that her family members are not born Americans. Appellant has also claimed that, Appellee lives in Poverty or that Appellee has never looked at internet sites nor can she read, write, or speak English. Appellant has also claimed that her family members are criminals and/or outcasts of society.

Appellant's acts or omissions described above, when viewed from the standpoint of Appellant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Appellee and others. Appellant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Appellee. The Appellant's conduct was malicious, intentional and/or so grossly negligent as to entitle the Appellee the recovery of exemplary damages.

Appellant has continued the numerous personal attacks on Appellee by filing with this Court numerous irrelevant, immaterial and incompetent internet postings that were never at issue at the hearing for Appellant's Motion to Dismiss. Said

attacks are designed only to paint Appellee in an unflattering light. Appellant's brief is replete with accusations and statements which are not relevant to this appeal, but are presumably included for the sole purpose of attacking, harming, and attempting to humiliate Appellee. This tactic is consistent with the balance of Appellant's brief which focuses on her subjective characterizations of what she believes to be true. After Appellant's denial of her Motion to Dismiss Appellant's attacks have become more vitriol and more untruthful in the apparent hope that Appellee will retreat from her lawsuit.

## B. Objection to Appellant's Fact Statement

This appeal involves Eufemia Garcia as Appellee and Mariann Bachrach as Appellant. Appellee sued Appellant for among other things defamation, defamation per se, intentional infliction of emotional distress, and invasion of privacy. Appellant erroneously believes that she can call Appellee a prostitute as long as it's not intentional and as long as she subjectively believes said statement. Appellant has included numerous lies, innuendoes and rumors throughout this appeal and in her statement of facts regarding Appellee's son, Rogelio Garcia. Said malicious information is included only to embarrass, to humiliate, and to place Appellee in a false light with the Appellate Court. The Appellee requests that this honorable Court strike and disregard any documents or statements made by Appellant that were neither introduced, admitted, or accepted as evidence by the

trial Court. The Appellant has attempted to circumvent all the Texas Rules of Procedure and the Texas Rules of Evidence by attempting to insert documents with hearsay multiple hearsay, and incompetent evidence in violation of the Texas Rules of Evidence and Texas Rules of Appellate Procedure. Appellee moves to strike all of the Court record references by Appellant including Court Records 474, 202, 105, 000, 461, 473, 454, 187, 141-44, 133-135, 56, 453-460, 141-144, 224-225, 203, 253, 204, 222, and 300. Appellee filed a response to Appellant's Motion to Dismiss and specifically objected to each and every attachment. Please see CR 250-265.

Appellant mistakenly believes that neither other family members nor Appellee's legal representative can sue her in other counties for defamation and other causes of action. Appellee is a lifelong resident of Hidalgo County and commands her causes of action against Appellant as a result of Appellant calling Appellee a "prostitute". Appellant continues to believe and assert that Appellee is a "ghost" plaintiff even though Appellee was subject to cross examination for more than an hour at Appellant's Motion to Dismiss hearing. Appellee has filed her lawsuit in Hidalgo County in order to attempt to regain her good name with her community and hold Appellant liable for damages that Appellant proximately caused to her.

## SUMMARY OF THE ARGUMENT

Appellant Mariann Bacharach has filed this interlocutory appeal as a result of her denial of her petition to dismiss based on Chapter 27 of the TEX. CIV. PRAC. & REM. CODE commonly referred to as the Texas Citizens Participation Act. Appellee's lawsuit alleging defamation, defamation *per se*, intentional infliction of emotional distress, and invasion of privacy was allowed to continue. Appellant argued in her direct examination with the Judge of the 389th that Texas law allows her the right to call Appellee a prostitute so long as Appellant made said statement unintentionally and as long as she subjectively believed it to be true. Appellant confessed that she made that statement about Appellee in a post posted on Liars and Cheaters site, in October of 2013.

The act which has as its goal to end politicized suits quickly, without significant expense does not preclude the constitutional rights of its citizens to pursues legitimate meritorious litigation. The act does not permit Appellant to make outrageous and false claims without fear of repercussion. Appellant has utterly failed in meeting her burden that her statement about Appellant was a matter of free speech regarding a public concern. Appellant further testified to the Court that Appellee is a private person and not a public person.

In order to prevail on the Motion to Dismiss, Appellant must show by preponderance of the evidence, that the activity of which the Appellant complaints

is based upon her exercise of right to free speech connected to a matter of public concern. Appellant testified that Appellee was a private citizen and not a "public person" and that Appellee's was not a matter of "public concern". Appellant filed an answer with hundreds of attached documents that were irrelevant, immaterial, and not in compliance with the Texas Rules of Evidence. The Appellant never introduced nor had any of said documents admitted into evidence at the hearing. Additionally, Appellant failed to request that the judge make specific findings of fact or conclusions of law. Appellant crossed examined Appellee for more than an hour and Appellee denied that she was now or ever a prostitute. The trial Court was the ultimate finder of fact and was free to and apparently did disbelieve Appellant. Appellant continues to hide behind the act asserting that vicious false statements of Appellee was correctly made by her because it was not intentional.

Appellee provided clear and specific *prima facie* evidence of each element of her cause of action even though Appellant failed to meet her burden of proof. Appellee provided evidence of defamation, defamation *per se*, intentional infliction of emotional distress, and invasion of privacy.

**ARGUMENT**

## I. STANDARD OF REVIEW

The standard of review for statutory construction is well settled. *Better Bus.* *Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3D 299 (Tex. App.-Dallas 2013, pet. Filed). However, this particular statute is written with four distinct and different standards of review: (i) preponderance of the evidence or factual sufficiency standard (Section 27.005(b)); (ii) clear and specific evidence, a heretofore unknown standard (Section 27.005(c)); (iii) a prima facie case or legal sufficiency standard (Section 27.005(c)); and (iv) "as justice and equity may require," an abuse of discretion standard (Section 27.009(a) (1)).

This Supreme Court has issued several various opinions addressing motions to dismiss pursuant to the Act, but it has not yet reached the question of the standard of review to apply to a ruling under Section 27.005(c), nor has it expressly addressed the standard of review of a determination by the trial court based on disputed evidence under Section 27.005(b) of the Act, *Better Bus. Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3D 299, 2013 Tex. App. LEXIS 6057 *24 ('[W]e need not consider in this case the quantum of proof necessary to constitute clear and specific evidence of a prima facie case, for each essential element of a claim because BH DFW failed to offer any evidence of the existence of its alleged contract with the BBB."); *Better Bus. Bureau of Metro. Dallas v.*

*Ward*, 401 S.W.3d 440, 445 (Tex. App. – Dallas 2013, pet. Filed) (plaintiff cited no evidence to support his claims); *Wholesale TV & Radio Adver., LLC v. Better Bus. Bureau of Metro Dallas, Inc.,* 2013 Tex. App. LEXIS 7348 (Tex. App. – Dallas 2013, no pet.) (issues inadequately briefed); *Jain v. Cambridge Petroleum Grp., Inc.,* 395 S.W.3d 394, 2013 Tex. App. LEXIS 2088 (Tex. App. – Dallas 2013, no pet.) (dismissed for want of jurisdiction);*Avila v. Larrea,* 394 S.W.3d 646, 662 (Tex. App. – Dallas 2012, pet. Filed) (plaintiff presented no evidence of falsity); *In Re Steven Lipsky*, 2015 Tex. LEXIS 350; 58 Tex.Sup. J. 707.

**A. Standard of review of Appellant's burden under Section 27.005(b).**

Several courts have held that the review of a ruling under Section 27.005(b) of the Act is *de novo*. "We review this determination *de novo* as an application of law facts." *Better Bus. Bureau of Metro Houston v. John Moore Services,* 2013 Tex. App. LEXIS 8756 *8 (Tex. App. – Houston [1st Dist.] 2013, no pet.).*See also Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,* 2013 Tex. App. LEXIS 5407 *16 (Tex. App.— Houston [1st Dist.] May 2, 2013, no pet.) (the first step of this inquiry is a legal we review *de novo.")*; *Rehak Creative Servs., Inc. v. Witt,* 2013 Tex. App. LEXIS 6196, at *22-23. The interpretation of Section 27.005(b) is a question of law that is reviewed *de novo*. *Better Bus. Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3D 299, 2013 Tex. App. LEXIS

12

6057 at *9. But, the trial court must determine what those facts are in the first instance, in order for the legal analysis to be made on appeal.

By its plain language, Section 27.005(b) of the Act requires Appellant to demonstrate "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech; the right to petition; or the right of association." TEX. CIV. PRAC. & REM. CODE ANN § 27.005(b). The Court's primary purpose is to give effect to the Legislature's intent by relying on the plain meaning of the text. *Better Bus. Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3d 299, 2013 Tex. App. LEXIS 6057 at *9; *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 635 (Tex. 2010). The Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results. *Better Bus. Bureau of Metro Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3d 299, 2013 Tex. App. LEXIS 6067 at *9-10.

Texas law is well-settled that the preponderance of the evidence standard of review is one of factual sufficiency. In resolving factual disputes, the trial court may believe one witness and disbelieve others, and it may resolve any inconsistencies in a witness's testimony. *City of Keller v.*

13

*Wilson,* 168 S.W.3d 802, 819 (Tex. 2005); *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986); *Montgomery Indep. Sch. Dist. V. Davis,* 34 S.W.3d 559, 567 (Tex. 2000).

The trial court, as fact finder, may disregard even uncontracted and unimpeached testimony from disinterested witnesses. *City of Keller v. Wilson,* 168 S.W.3d at 820. With regard to finding the facts by a preponderance of the evidence (so the law can be applied to the facts determined), even undisputed testimony from Appellant, as an interested witness, only raises a fact question for the fact finder to resolve unless the undisputed testimony is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted.

**B. Standard of Review of Appellee's Burden Under Section 27.005(c)**

If Appellant has met her burden under Section 27.005(b) of the Act, the focus shifts to Appellees' burden under Section 27.005(c) of the Act to "establish by clear and specific evidence a prima facie case for each essential element of the claims in question." *Rehak Creative* does hold that the trial court's determination that a party presented *prima facie* proof of a meritorious claim is reviewed *de novo*, but also holds that the review under

this provision of the statute is "an independent determination applying the same standard used by the trial court in the first instance." *Rehak Creative*, 2013 Tex. App. LEXIS 6196 *22-23. This requires review of the record in alight favorable to Appellees to determine whether the record contains a minimum quantum of clear and specific evidence to support a rational inference that the allegations of fact (as to each essential element if the claim) were true, disregarding any contrary evidence. *Better Bus. Bureau of Metro Houston v. John Moore Services,* 2013 Tex. App. LEXIS 8756 at *14; *Crazy Hotel Assisted Living, Ltd.,* 2013 Tex. App. LEXIS 5407 *16-17 ("The legislature's use of the term '*prima facie* case' in the second step implies a minimal factual burden: "[a] *prima facie* case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true.") (citing *Rodriguez v. Printone Color Corp*., 982 S.W.2d 69, 72 (Tex. App. – Houston [1st Dist.] 1998, pet. denied)); *In Re Lipsky,* 2013 Tex, App. LEXIS 4975 *12, 32 (Tex. App. – Ft. Worth, 2013, no pet.) (rational inference from plaintiff's evidence was that a false or defamatory statement was made with malice); *but see Rehak Creative v. Witt,* 2013 Tex. App LEXIS 6196 * 22-23 (clear and specific means without inferences or intendments).

As noted above, the Legislature amended the Act in 2013. One of the amendments added Section 27.005(d): "Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the movant's claim." In addition, this change in the statute is clearly unconstitutional and if it were applicable to this appeal it would be void. It is one thing to conduct an early review to determine if a plaintiff's claim is so lacking in the merit that she cannot present a *prima facie* case before proceeding to discovery and trial, but it is altogether different to require a party to defend an action without trial, by presenting affidavit evidence which is weighed by a fact finder who never sees a live witness; and such a process deprives the parties of their constitutional right to trial by jury and to have live testimony where witnesses are subject to cross examination and confrontation, replacing die process with a system that decided cases based on which lawyer wrote the best affidavit. *See Neely v. Wilson,* 2013 Tex. LEXIS 511, *55-56; *Richardson v. City of Pasadena*, 513 S.W.2d 1, 4 (Tex. 1974) ("the right to cross examinations is a vital element in a fair adjudication of disputed facts[,]" and includes "the right to cross examination adverse witnesses and to examine and rebut all evidence[.]); *Nat'l Family Care Life Ins. Co. v.*

16

*Fletcher*, 57 S.W.3d 662, 669-70 (Tex. App. – Beaumont 2001, pet. denied); *Bentley v. Bunton*, 94 S.W.3d 516, 587 (Tex. 2002) ("If the evidence is disputed, falsity must be determined by the finder of fact.")

If preponderance of the evidence standard for reviewing Appellees' evidence were applicable to 27.005(c), the standard of review would be factual sufficiency – the trial court may believe one witness and disbelieve others, and it may resolve any inconsistencies in a witness's testimony. *City of Keller*, 168 S.W.3d at 819. The trial court as fact finder may disregard the interested testimony of Appellant and may reject even uncontradicted and unimpeached testimony from disinterested witnesses. *City of Keller, Id*. At 820.

By definition, *prima facie* means the amount of proof required to go to the jury – if the evidence is disputed, the trial is not over in favor of the defendant; instead the fact finder resolves the dispute. There is no legitimate basis for assuming that the Legislature intended to allow a defaming tortfeasor to avoid responsibility and recover attorney fees from the persons defamed merely by falsely swearing "it's all true."

The Texas Supreme Court has held that the burden of showing a *prima facie* case is minimal and not onerous. *See Mission Consol. Indep.*

*Sch. Dist. V. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012) (case involving employment discrimination). Accordingly, unless there is no clear and specific evidence supporting Appellees' causes of action, Appellees are entitled to discovery and to have their claims submitted to the jury.

In determining whether there was clear and specific evidence to establish plaintiff's *prima facie* case and avoid dismissal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) of the Texas Citizens Participation Act (TCPA), TEX. CIV. PRAC. & REM. CODE ANN. §27.001-27.011, relevant circumstantial evidence could be considered; The Supreme Court of Texas accordingly disapproved those cases that interpreted the TCPA to require direct evidence of each essential element of the underlying claim to avoid dismissal; A gas well driller's defamation counterclaim against a property owner was properly not dismissed because clear and specific evidence showed the owner's statements were defamatory per se, as they reflected on the driller's fitness and abilities as a natural gas producer, and proof of particular damage was not required.

## II. The Trial Court properly denied Appellant's motion to dismiss.

Under Texas law, the privilege to speak freely carries with it the concomitant responsibility to answer in damages for the abuse of that privilege.

18

TEX. CONST. SRT. I, § 8. *Ex parte Tucker,* 220 S.W. 75, 76, 110 Tex. 335, 337 (1920).

> The purpose of this provision is to preserve what we call "Liberty of speech" and "the freedom of the press," *and at the same time hold all persons accountable to the law for the misuse of that liberty or freedom. Responsibility for the abuse of the privilege is, as fully emphasized by its language, as that the privilege itself shall be free from all species of restraint.* But the use of the privilege, the provision commands, shall be dealt with in no other way. It is not to be remedied by denial of the right to speak, but only by *appropriate penalties for what is wrongfully spoken. Punishment for the abuse of the right, not prevention of its exercise, is what the provision contemplates.* There can be no liberty in the individual to speak, without the unhindered right to speak. It cannot co-exist with a power to compel his silence or fashion the form of his speech. Responsibility for the abuse of the right in its nature pre-diposes freedom in the exercise of the right. It is denial of the authority, anywhere, to prevent its exercise.

*Ex parte Tucker,* 220 S.W. at 76 (emphasis added). Knowing false statements are not afforded constitutional protection. *Bentley,* 94 S.W.3d at 591.

Appellee sued to hold Appellant accountable for calling her a prostitute. Appellant sought to dismiss all of Appellees' causes of action pursuant to the Act. The trial court denied the Motion to Dismiss.

The stated purpose of the Act is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government," while also protecting the "rights of a person

to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The Act does not lessen any other remedy available under Texas law (TEX. CIV. PRAC. & REM. CODE § 27.011), and thus is not intended to permit persons publishing false, harmful, extortionate, and destructive statements to merely assert the Act and be exonerated of responsibility for their wrongful conduct. Simply put, the Act does not change or modify Texas law regarding the well-settled limits of free speech. In a suit for damages based on Appellant's abuse of that privilege, the Texas Constitution affords more extensive protection for Appellees than does the First Amendment of the United States Constitution. *Neely v. Wilson,* 56 Tex. Sup. J. 766 *12, 2013 Tex. LEXIS 511 (June 28, 2013); *Turner v. KTRK TV, Inc.,* 38 S.W.3d 103, 117 (Tex. 2000); *see generally Ex parte Tucci,* 859 S.W.2d 1, 19-26 (Tex. 1993) (Phillips, C.J., concurring) (discussing history of Texas free expression clause).

Each cause of action asserted by Appellee is recognized in Texas law: *Star Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473-74, (Tex. 1995) (invasion of privacy by publicly disclosing private facts); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989) (defamation); TEX. CIV. PRAC. & REM. CODE § 73.001 (statutory libel); and *Hoffman-La Roche, Inc. v. Zeltwanger,* 144S.W.3d 438, 445 (Tex. 2004) (intentional infliction of emotional distress). Accordingly, the Act cannot be read to diminish Appellees' rights to bring a "meritorious lawsuit for demonstrable

injury" based on these causes of action. TEX. CIV. PRAC. & REM. CODE §§ 27.002, 27.011. Speech which transgresses these limits is tortious and is not constitutionally protected from claims for damages.

### A. Appellant's actionable statements did not address matters of public concern.

1. Appellant has judicially confessed that Appellee is not a matter of public concern and is not a public figure. Appellant has been disingenuous with the Court in her Appellate Brief and has attempted to move her position. Please see Direct Examination of Mariann Bacharach below.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 3, Lines 8-14*

**MRS. BACHARACH**: My name is Mariann Bacharach and I am here to request a Motion to Dismiss on the Citizens Participation Act. I filed – I posted numerous posts about Rogelio Garcia. The post here in question that we're talking about was on Liars and Cheaters. I posted some things about Mr. Garcia and also said his mother was a prostitute…

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 4, Lines 23-24*

**THE COURT**: This is not about Rogelio Garcia. This is about Eufemia Garcia.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 5, Lines 10-13*

**THE COURT**: Did you indicate to me that you did post and you're under oath saying that Rogelio Garcia's mother was a prostitute?

**MRS. BACHARACH**: Yes, Your Honor.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 5, Lines 24-25 & Page 6, Lines 1-5*

**THE COURT**: Stick to what you're here for now. You're here on statements that were made and that you wanted to dismiss, so stick to what you're here for. Stop. I am now cutting you off about any other family members. We're here about specific statements you made and how you believe that it should be dismissed under the statute.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 7, Lines 18-25 & Page 8, Lines 1-2, 4-10*

**THE COURT**: The defense can assert the defense of truth. That means the statement, if it's true, you're covered. Thinking it's true doesn't make it so. You're going to have to prove that she was a prostitute. That's what it is. And by the way, you're here on a very specific statute that does deal with a public concern or public figure and you haven't even gotten to that. I think we'd agree that Mrs. Garcia is not a public figure, right?

**Mrs. Bacharach**: Yes, I agree….

22

**THE COURT**: Guess what? Posting something about somebody's mother and they – people can interpret who that mother is. You cannot then say it wasn't about her. You did actually, now have said on the stand, under oath, that you posted something about Rogelio Garcia's mother. Did you not?

**MRS. BACHARACH**: Yes, I did, Your Honor.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 9, Lines 14-25 & Page 10, Line 1*

**THE COURT**: We're not here about Mr. Garcia. We're not here about the lawsuit in Harris County. We're not here about any possible lawsuit that Chris Carmona has against you. We are here about specific statements that you believe fall under this statute. You seem to have a misconception that you can't be sued anywhere else by anybody else because there's some injunction in Harris County. With all due respect, ma'am, you're here about your own actions of which you've actually testified to that you did and why does that fall under this statute. You've testified that you can agree that Mrs. Garcia is not a public figure. And her personal life is not a public concern, is it?

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 10, lines 2-3*

**MRS. BACHARACH**: No, it is not.

**THE COURT**: Okay, Go ahead. I'm listening.

*CV Supp Rpt Rec Volume 1 OF Volume 1, Page 12, Lines 14-16*

**THE COURT**: You don't get it. Wow. This is not about Rogelio Garcia and you're assuming that she – the woman testified that she was not a prostitute…

For arguments sake a matter is not a "matter of public concern" merely because third parties might be interested in gossip, or because there is public debate concerning similar issues that do not directly implicate the plaintiffs.

> An individual, and more pertinently perhaps the community, is most offended by the publication of intimate personal facts when the community has no interest in them beyond the voyeuristic thrill of penetrating the wall of privacy that surrounds a stranger.

Appellant published on a post "Liars and Cheaters" detailed defamatory statements and has attempted to compound the problem by steering people to the post by establishing a website called "www.ThugLaw.LexNevi.com." Appellant presented no evidence that there was any public discussion of controversy about Appellee's life, *Klentzman,* 312 S.W.3d at 906.

Nor can Appellant create a controversy about her statements merely by publishing them. See *Id*. At 905. Appellant has failed to demonstrate a right to association with anyone to discuss the private of Appellant, an 86 year old woman.

24

Her false incomplete and incompetent attachments do not relate to the private life of Appellant.

> **2. The Act should not properly be interpreted to apply to all communications which might remotely touch on a topic of public debate, else the express legislative intention to protect every person's constitutional right to bring meritorious lawsuits for demonstrable injury is nullified.**

The Act defines "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). And a matter public concern under TEX. CIV. PRAC. & REM. CODE § 27.001

(7) "Matter of public concern" includes an issue related to:
- B) Health or safety;
- C) Environmental, economic, or community well-being;
- D) The government;
- E) A public official or public figure;
- F) or a food, product, or service in the marketplace.

(8) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:
- a) An officer, employee, or agent of government;
- b) A juror;
- c) An arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
- d) An attorney or notary public when participating in the performance of a governmental function; or
- e) A person who is performing a governmental function under a claim of right but is not legally qualified to do so.

Appellant argues that the Act should be liberally construed to protect her right to speak freely. Yet, the same Act requires that it be construed just as "liberally to effectuate its purpose and intent fully" to protect the constitutional rights and remedies of Appellee to bring meritorious actions for demonstrable injuries. TEX. CIV. PRAC. & REM. CODE § 27.011(a) and (b).

Under Appellant's interpretation of the statute, so long as any defamatory statement she makes as a private person about another private person is topically related to any "matter of public concern" listed in Section 27.001(7) (even if there is no public debate, or mention of the people, incidents, or events she claims to relate), that defamatory statement comes under the Act's definition of a matter of public concern. This is not the law in Texas, and the Act expressly requires that it be interpreted liberally to effectuate its purpose and intent <u>fully</u>, meaning it cannot abrogate or lessen any constitutional remedy afforded Appellees, including the right of redress for reputational torts. TEX. CIV. PRAC. & REM. CODE § 27.011.

The list of matters of public concern in Section 27.001(7) (health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace) must be read to identify possible matters of public concern which include the listed topics. To interpret the Act to hold that it requires that any private communication which

relates to any of these topics, to any degree, is a "matter of public concern" makes the list meaningless.

3. **Appellees established by clear and specific evidence a *prima facie* case for each essential element of each cause of action.**

Assuming Appellant met her initial burden under Section 27.005(b) of the Act, the trial court properly found that Appellee presented clear and specific evidence, sufficient to make a *prima facie* showing, on each element of her causes of action which were not dismissed. Appellee presented not only her testimony, affidavit (CR 237), and her petition (CR 220), but also organized the evidence of phone calls to Appellee's family  member and legal counsel to show how each elements of a cause of action was proven (CR 239-250).

4. **Clear and specific evidence established a *prima facie* case for each element of the common law defamation cause of action and the statutory libel cause of action.**

A Plaintiff pursing a cause of action for common law defamation must establish that the defendant published or republished a statement of fact. *WFAA-TC. Inc,* 978 S.W.2d at 571. The statement must be sufficiently factual to be susceptible of being proved objectively true or false, as contrasted with a purely subjective assertion. *Thomas-Smith v. Mackin,* S.W.3d 503, 509 (Tex. App. – Houston [14[th] Dist.] 2007, no pet.). The statement must be communicated in such a way that a third person is capable of understanding and did understand its

defamatory meaning. *Id.* A false statement of opinion is actionable, if the opinion is known to be false by the speaker, and the speaker has special knowledge of past or present facts that the other party does not. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 337 (Tex. 2011); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995); *O'Brien v. Daboval*, 388 S.W.3d 826, 840 (Tex. App. – Houston [1st Dist.] 2012, no pet.). *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990) (speaker who says "In my opinion, Jones is a liar" implies knowledge of facts that lead to the conclusion stated); *Bentley v. Bunton*, 94 S.W.3d at 579. Even if Appellant states the facts upon which she bases an actual opinion, if those facts are either incorrect or incomplete, or if her assessment of them is erroneous, the opinion may still imply a false assertion of fact. *Id*.

Section 73.001 of the Texas Civil Practice and Remedies Code sets out the elements of statutory libel. "*A libel is a defamation expressed in written or other graphic form...that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.*" TEX. CIV. PRAC. & REM. CODE § 73.001.

Appellant is not a media defendant, thus the rule of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 94. S. Ct. 2997, 41 L. Ed. 2d 789 (1974), requiring fault in a defamation action by an individual against a publisher or broadcaster for a defamatory statement, is not applicable. *Peshak v. Greer*, 13 S.W.3d 421, 425-26 (Tex. App – Corpus Christi 2000, no pet.). "Proof of the publication of the false injurious statement is sufficient without any necessity of showing a particular mental state, for one is assumed to intend to make the statement that issues from his mouth or pen." *Id*. At 426. Nor must Appellees prove that the defamatory statements are false as part of their *prima facie* case. *See Philadelphia Newspapers, Inc. v. Hepps*, 475, U.S. 767, 776-77, 106 S. Ct. 1558, 1564, 89 L. Ed. 2d 783 (1986) (holding common-law presumption that defamatory speech is false cannot stand when plaintiff sues media defendant for speech of public concern); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc*., 472 U.S. 749, 759-61, 105 S. Ct. 2939, 2945-46, 86 L. Ed. 2d 593 (1985) (allowing common-law presumption of falsity to exist for private issues involving private non-media parties). To maintain a defamation cause of action, the plaintiff must prove that the media defendant (1) published a false statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *Hearst Corp. v. Skeen*, 159 S.W.3d 633, 636-37 (Tex. 2005) (per

curiam); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). For a statement to be actionable in defamation, it must expressly or impliedly assert facts that are objectively verifiable. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19, 110 S. Ct. 2695, 2706, 111 L. Ed.2d 1, 18 (1990). Whether a publication is an actionable statement of fact is a question of law and depends on its verifiability and the context in which it was made. *See Bentley v. Bunton*, 94 S.W.3d 561, 583-87 (Tex. 2002).

## 5. Clear and specific evidence established a *prima facie* case for each element of defamation *per se*.

Appellant's statements are defamatory *per se* when they are so obviously hurtful to the person aggrieved that no proof of their injurious character is required to make them actionable. *Hancock,* 400 S.W.3d at 64 (character of the defamatory words and the circumstances of publication make it all but certain that serious harm has resulted in fact) (citing *Dun & Bradstreet, Inc.* 472 U.S. at 760). False statements that charge the commission of a crime or impute sexual misconduct meet this requirement, as do injury to a person's office, business, profession, or calling. *Christy v. Stauffer Publications, Inc.*, 437 S.W.2d 814 (Tex. 1969); *Marshall v. Mahaffey*, 974 S.W.2d 942, 950 (Tex. App. – Houston [14th Dist.] 2011, no pet.). "[A]n allegedly defamatory publication should be construed as a whole in light of the surrounding circumstances based upon how a person of

30

ordinary intelligence would perceive it." *Turner v. KTRK TV, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000). This is an objective test. *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004).

When the statement is defamatory *per se*, the law presumes the existence of some actual damages, requiring no independent proof of general damages. *See Shearson Leham Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 922 (Tex. App – Corpus Christi 1991, writ dism'd w.o.j.); *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 488 (Tex. App – Corpus Christi 1989, writ denied); *City of Brownsville v. Pena*, 716 S.W.2d 677, 682 (Tex. App – Corpus Christi 1986, no writ); *First State Bank v. Ake*, 6056 S.W.2d 696, 702 (Tex. App – Corpus Christi 1980, writ ref'd n.r.e.). The jury is given wide discretion in its estimation of the amount of damages. *West Texas Utilities Co. v. Wills*, 164 S.W.2d 405, 412 (Tex. Civ. App – Austin 1942, no writ); *Evans v. McKay*, 212 S.W. 680, 685 (Tex. Civ. App – Dallas 1919, writ dism'd). Compensatory damages allowable for defamation include general damages such as mental anguish, injury to reputation and the like that naturally flow from the libel and are not easily susceptible to monetary valuation. Id.

While not required to prove that the defamatory statements were false, or were made with malice, Appellees presented clear and specific evidence of these elements as well. Appellees clearly and specifically stated that the accusations were false, were fabricated, and were lies.

That post expressly names each Appellee is of no consequence if the statement indirectly refers to Appellees. *See Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 433 (Tex. App – Austin 2007, pet. denied). It is not necessary that every reader understands who Appellant is defaming, so long as there are some who reasonably do. *Davis v. Davis*, 734 S.W.2d 707, 711 (Tex. App – Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Appellee testified that she is deeply embarrassed and suffering distress, causing her physical and mental wellbeing to decline. (Appellee's Affidavit CR Page 237-38). Appellee testified that Appellant's statements have frightened her and exacerbated her medical conditions; she is emotionally distressed, she experiences bouts of anxiety. She suffers from despair and public humiliation.

The evidence is clear, specific, and more than sufficient to make a *prima facie* case. *See Hancock v. Variyam*, 400 S.W.3d at 69 (sufficient evidence of mental anguish where plaintiff experienced embarrassment in the community where he spent almost all of his life, distress, lost sleep, depression, a major change in demeanor, and would never be the same and his family was disrupted, his children were distressed at school and everywhere he went people would stop and say they heard he had been called corrupt, even though most of these people were well- meaning). Appellant's argument that medical care was not sought does not diminish the fact that a *prima facie* case was made. *Miranda v. Byles*, 390 S.W.3d

at 556 (evidence that plaintiff had not sought counseling or medication does not prove he did not suffer mental anguish, it only means he did not seek counseling or medication as a result).

**6. Clear and specific evidence established a *prima facie* case for each element of intentional infliction of emotional distress cause of action.**

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's action caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id*. Intent can be inferred either from the circumstances and Appellant's conduct as well as from Appellant's overt expressions. *Toles v. Toles*, 45 S.W.3d 252, 260 (Tex. App.-Dallas 2001, pet. Denied); *Twyman v. Twyman*, 855 S.W.2d 619, 623 (Tex. 1993).

Appellant's false statements that Appellee was a prostitute go far beyond the bounds of decency and are atrocious and utterly intolerable in a civilized community.

**7. Clear and specific evidence established a *prima facie* case for each element of the *invasion of privacy* cause of action.**

The elements of the tort of invasion of privacy are (1) publicity given to matters concerning one's personal life; (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized is not of legitimate public concern. *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473-74 (Tex. 1995) (citing *Industrial Found. Of the South v. Texas Indus. Accident Bd.,* 540 S.W.2d 668, 682 (Tex. 1976), *cert. denied*, 430 U.S. 931, 51 L.Ed.2d 774, 97 S. Ct. 1550 (1977)).

The rule stated in this Section applies only to publicity given to matters concerning the private, as distinguished from the public, life of an individual. …Every individual has some phases of his life and his activities and some facts about himself that he does not expose to the public eye, but keeps entirely to himself or at most reveals only to his family or to close personal friends. Sexual relations, for example, are normally entirely private matters, *as are family quarrels, …most details of a man's life in his home…*

RESTATEMENT 2ND TORTS, § 652D, cmt.; *see also Diamond Shamrock Refining & Mktg. Co. v. Mendez,* 844 S.W.2d 198, 203 (Tex. 1992) (Hightower, J., concurring) (recognizing that the right of individual privacy is implicit among the general, great, and essential principles of liberty).

Reviewing the record in alight favorable to Appellees establishes the minimum quantum of clear and specific evidence to support a rational inference that the allegations of fact as to each essential element of the claim are true, if no contrary evidence is offered. *Better Business Bureau of Metro Houston,* 2013 Tex. App. LEXIS 8756 *14; *Crazy Hotel Assisted Living, Ltd.,* 2013 Tex, App. LEXIS 5407 *16-17.

## CONCLUSION

Texas Citizen Participation Act does not insulate Appellant from responsibility from her speech and conduct in this case. Knowingly making false statements of face to injure another is not a constitutionality protected speech. Appellee's claims are merit and they should be allowed to proceed to trial.

## PRAYER

Appellee respectfully prays that the Court (1) deny all relief sought by appellant in her brief, (2) affirm the denial of Appellant's Motion to Dismiss in all respects, and (3) grant all other appropriate relief to Appellee.

Respectfully submitted,


By: /s/Chris Carmona
Chris Carmona
Attorney at Law
SBN: 24072022
Law Office of Chris Carmona
PO Box 7137
Houston, TX 77248
**832-444-4293** ph
**832-460-2724** fax
Email:
chris@carmonalawoffice.com

**CERTIFICATE OF COMPLIANCE**

**PURSUANT TO T.R.A.P.9.4(I)(3), I CERTIFY THAT THE NUMBER OF WORDS IN THIS BRIEF OF APPELLEE, EXCLUDING CONTENT PURSUANT TO T.R.A.P.9.4(I)(1), REPORTED STATED IN THE COMPUTER PROGRAM USED TO PREPARE THE DOCUMENT, IS 8,119.**

**/s/Chris Carmona**

**CHRISTOPHER CARMONA**

**CERTIFICATE OF SERVICE**

**I CERTIFY THAT THE FOREGOING BRIEF OF APPELLEE WAS ELECTRONICALLY FILED WITH THE CLERK OF THE COURT USING THE ELECTRONIC CASE FILING SYSTEM OF THE COURT. I ALSO CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED BY CERTIFIED MAIL WITH RETURN RECEIPT ON APPELLANT.**

**/s/Chris Carmona**

**CHRISTOPHER CARMONA**

Mariann Bacharach
PO Box 8217
Houston, TX 77288

CMR No.: 7014 0510 0000 2482 1098

# APPENDIX

TRIAL COURT JUDGMENT……………………………………………………..39

Electronically Filed
10/15/2014 2:29:45 PM
Hidalgo County District Clerks
Reviewed By: Yesica Garza

NO. C-5535-14-H

| | | |
|---|---|---|
| **EUFEMIA GARCIA**<br>Plaintiff, | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§ | **389TH JUDICIAL DISTRICT** |
| **MARIANN BACHARACH**<br>Defendant. | §<br>§<br>§ | **OF HIDALGO COUNTY, TEXAS** |

<u>ORDER DENYING</u>
<u>DEFENDANT'S MOTION TO DISMISS PURSUANT CHAPTER 27 OF THE TEXAS</u>
<u>CIVIL PRACTICE AND REMEDIES CODE</u>

On 10/1/2014, came to be considered a motion to dismiss filed under Chapter 27 of the

Civil Practices and Remedies Code filed by the Defendant, Marian Bacharach. The Court

considered the Defendant's Motion to Dismiss Pursuant Chapter 27 of the Texas Civil Practice

and Remedies Code, and after reviewing the evidence and hearing the arguments, the Court finds

that the Motion should be **DENIED**.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Dismiss is hereby denied.

**SIGNED** on 10/16/2014 , 2014.

JUDGE PRESIDING

APPROVED AS TO FORM:

By: _____
Chris Carmona
Attorney at Law
SBN: 24072022
Law Office of Chris Carmona
PO Box 7137
Houston, TX 77248
**832-444-4293** ph
**832-460-2724** fax
Email: chris@carmonalawoffice.com

1

474

39

## CERTIFICATE OF SERVICE

I certify that on October 15, 2014 a true and correct copy of the above was served to parties of record in a method appropriate under Texas Rules of Civil Procedure.

Chris Carmona

CMRR: 7007 2560 0000 7967 4303

Mariann Bacharach
4817 Milam #2
Houston, TX 77006
bacharachmariann@gmail.com

2

475

40